[Cite as *State v. Nixon*, 2019-Ohio-3445.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-P-0023**<br>**2019-P-0024** |
| DAVID A. NIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Court of Common Pleas, Case Nos. 2015 CR 00417 and 2015 CR 00018.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David A. Nixon,* pro se, PID: A694-305, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44905 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, David A. Nixon, appeals from the judgment of the Portage County Court of Common Pleas, denying his "Motion to Vacate Sentence" without a hearing. We affirm.

{¶2} In January 2015, appellant was charged with one count of domestic violence, a felony of the fourth degree, in violation of R.C. 2919.25. On February 9, 2015, he pleaded guilty to the charge and, on May 8, 2015, the trial court sentenced him

to house arrest for 30 days and placed him under the general control of the Adult Probation Department in the Intensive Supervision Program for one year and four additional years under the General Division Program. The trial court ordered appellant's stated prison term to be 18 months.

{¶3} Four months later, the Probation Department filed a motion to revoke appellant's community control for a violation of a temporary protection order issued in a separate case and for failing to report for case management meetings. The record reflects appellant pleaded guilty to domestic violence, a felony of the third degree, in violation of R.C. 2919.25 and, on February 9, 2016, a sentencing and revocation hearing were held together. Appellant again was placed under the general control of the Adult Probation Department in the Intensive Supervision Program for one year and under the General Division Program for an additional 48 months. Appellant's stated prison term was set at three years.

{¶4} In June 2016, the Probation Department again filed a motion to revoke based upon charges he was facing in Mahoning County, his failure to report these charges, and his failure to attend case management meetings. On February 27, 2017, the trial court found appellant had violated the terms of his community control and ordered: "Defendant's probation is continued and it shall be stayed pending Defendant's release from the pending cases from Judge Becky L. Doherty."

{¶5} In February 2018, the Probation Department filed a motion to revoke community control for appellant's failure to report for case management meetings, failure to complete an anger management program or follow through with mental health counseling services. The trial court issued a warrant for appellant's arrest for failing to

appear at the revocation hearing.  On March 30, 2018, appellant was held "without bond" as he appeared in court without counsel for his revocation hearing.

{¶6}  On May 11, 2018, the state withdrew the motion to revoke and the trial court found it had not lifted the stay on appellant's probation.  The court consequently noted "probation is unstayed and Defendant shall be placed on probation as stated on February [2]7, 2017."  On February 5, 2019, appellant filed a motion to vacate his sentence arguing the trial court lacked authority to stay his probation and lacked subject matter jurisdiction to sentence him.  The trial court denied appellant's motion without a hearing.  He appeals and assigns two errors for our review.  They provide:

{¶7}  "[1.]  The trial court abused its discretion by denying defendant-appellant's motion to vacate sentence without hearing and by failing to render the sentence void based on the trial court's and defendant-appellant's knowledge of the lack of subject matter jurisdiction.

{¶8}  "[2.]  The trial court committed prejudicial error by denying defendant-appellant's pro se motion to vacate sentence when defendant-appellant clearly and convincingly demonstrated an infringement of his constitutional rights and statutory provisions, as to render the trial court's judgment and sentences a nullity or void."

{¶9}  Under his assignments of error, appellant challenges the trial court's decision denying his motion to vacate his sentence without a hearing.  He asserts the trial court lacked subject-matter jurisdiction to impose a sentence while his probation was stayed.  Appellant's contention is without merit.

{¶10}  R.C. 2951.07 provides:

{¶11}  A community control sanction *continues for the period that the judge or magistrate determines* and, subject to the five-year limit

3

specified in section 2929.15 or 2929.25 of the Revised Code, may be extended. If the offender under community control absconds or otherwise leaves the jurisdiction of the court without permission from the probation officer, the probation agency, or the court to do so, *or if the offender is confined in any institution for the commission of any offense, the period of community control ceases to run until the time that the offender is brought before the court for its further action.* (Emphasis).

{¶12} Preliminarily, it is unclear the trial court had the authority to "stay" appellant's community control. Once community control is imposed, it "continues," pursuant to statute, for the period the court ordered. Permitting a court to stay community control would allow a court to have supervision over a party beyond the five-year limitation period set by statute, even if statutory tolling events have occurred.

{¶13} That said, it is unclear whether the trial court was "staying" community control or noting that community control would "cease to run," pursuant to R.C. 2951.07, because appellant was confined in an institution due to the pending cases in Judge Doherty's court. Our record fails to disclose whether appellant was incarcerated, but the court would be empowered, via statute, to recognize that the community control was tolled, or "stayed," if appellant was, in fact, in jail or prison.

{¶14} Regardless of the foregoing, appellant was originally sentenced on May 8, 2015 and placed on community control for a total of five years. Only three years and nine months had elapsed on his community control at the time appellant filed his motion on February 5, 2019. Appellant's community control was still active at all relevant dates identified in this case. Thus, the trial court maintained subject-matter jurisdiction over appellant. Accordingly, the trial court did not err in denying appellant's motion to vacate without a hearing.

{¶15} Appellant's assignments of error lack merit.

4

**{¶16}** The judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.